UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| INTEGRAL RESOURCES, INC., a Massachusetts corporation,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation,<br><br>Defendant. | Case No. 2:14-CV-02308-R (AGRx)<br><br>Judge: Hon. Manuel L. Real<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Complaint Filed: March 26, 2014<br>No Trial Date Set |

The Motion for Summary Judgment, or, in the Alternative, Partial Summary Judgment (Dkt. 16) filed by Defendant, Hartford Fire Insurance Company ("Hartford") was fully briefed and submitted for consideration by the Court. In addition, the Motion for Partial Summary Judgment (Dkt. 15), filed by Plaintiff, Integral Resources, Inc. ("Integral") was fully briefed and submitted for consideration by the Court.

After full consideration of the papers submitted by the moving and opposing parties, the arguments of the parties, the hearing on June 2, 2014 at 10:00 am and good cause appearing therefore, the Court determines that the following facts and conclusions of law have been established as follows:

1

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

# FINDINGS OF FACT

1. Hartford issued insurance policy number 46 SBA RL4507 DX, effective November 30, 2009 to November 30, 2010 to Integral ("2009 Hartford Policy.")

2. Hartford issued policy no. 46 SBA RL4507 DX, effective November 30, 2010 to November 30, 2011 to Integral ("2010 Hartford Policy.")

3. Hartford issued policy no. 46 SBA RL4507 SC, effective November 30, 2011 to November 30, 2012 to Integral ("2011 Hartford Policy.")

4. Hartford issued policy no. 46 SBA RL4507 SC, effective November 30, 2012 to November 30, 2013 to Integral ("2012 Hartford Policy.")

5. The 2009 Hartford Policy, the 2010 Hartford Policy, the 2011 Hartford Policy and the 2012 Hartford Policy (collectively "Hartford Policies") contain a "Business Liability Coverage Form," form number SS 00 08 04 05.

6. The Insuring Agreement for the Business Liability portion of the Hartford Policies provide, in part, as follows:

> **A.   COVERAGES**
> **1.   BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)**
> **Insuring Agreement**
> a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and

        advertising injury" to which this insurance does not apply.

We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result. . . .

7. The Business Liability portion of the Hartford Policies define "personal and advertising injury," in part as follows:

    17. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.**  False arrest, detention or imprisonment;

    **b.**  Malicious prosecution;

    **c.**  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**  Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**  Oral, written or electronic publication of material that violates a person's right of privacy;

    **f.**  Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement"; or

    **g.**  Infringing of copyright, slogan, or title of any literary or artistic work, in your "advertisement".

    **h.**  Discrimination by reason of age, sex, religion or national or racial origin, or disparate treatment committed by an insured, but not by or at the direction of you. . . .

8. The Business Liability Portion of the Hartford Policies contain the following exclusion, in part:

**B.**     **EXCLUSIONS**

**1.**     **Applicable To Business Liability Coverage**

This insurance does not apply to:

\* \* \*

**p.**     **Personal and Advertising Injury**

"Personal and Advertising Injury":

\* \* \*

**(11)**     Arising out of the violation of a person's right of privacy created by any state or federal act. However, this exclusion does not apply to liability for damages that the insured would have in the absence of such state or federal act. . . .

\* \* \*

**t.**     **Violation Of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information**

"Bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1)     The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

(2)     The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

(3)     Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or

>limits the sending, transmitting, communicating or distribution of material or information. . . .

9. The Business Liability portion of the Hartford Policies define "occurrence" as follows:

>"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

10. The Business Liability portion of the Hartford Policies define "bodily injury" as follows:

>"Bodily injury" means physical:
>
>**a.** Injury;
>
>**b.** Sickness; or
>
>**c.** Disease
>
>sustained by a person and, if arising out of the above, mental anguish or death at any time.

11. The Business Liability portion of the Hartford Policies define "property damage" as follows:

>"Property damage" means:
>
>**a.** Physical injury to tangible property, including all resulting loss of use of that property . . . .; or
>
>**b.** Loss of use of tangible property that is not physically injured . .

12. The Hartford Policies contain an "Umbrella Liability Provisions" Form, form number SX 80 02 0405.

13. The Umbrella Liability portion of the Hartford Policies contain the following insuring agreement, in part:

///

**SECTION I - COVERAGES**

**INSURING AGREEMENTS**

**A.** **Umbrella Liability Insurance**

**1.** We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence". But, the amount we will pay as "damages" is limited as described in **Section IV — LIMITS OF INSURANCE**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Section II - INVESTIGATION, DEFENSE, SETTLEMENT**.

**2.** This insurance applies to "bodily injury", "property damage" or "personal and advertising injury" only if:

**a.** The "bodily injury", "property damage" or "personal and advertising injury" occurs during the "policy period";. . .

14. The Umbrella Liability portion of the 2009 and 2010 Policy contain the following exclusion, in part:

**B.** **Exclusions**

This policy does not apply to:

\* \* \*

**4.** **Personal and Advertising Injury**

"Personal and advertising injury'.

///

6

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

      **EXCEPTION**

      This exclusion does not apply if "underlying insurance" is applicable to "personal and advertising injury" and to claims arising out of that "personal and advertising injury".

15. The Umbrella Liability portion of the 2011 Policy and 2012 Policy contain the following exclusion, as modified by endorsement, form number SX 24 33 06 10, in part:

    **B.    Exclusions**

      This policy does not apply to:

              * * *

      **4.    Personal and Advertising Injury**

          This policy does not apply to "personal and advertising injury".

    **EXCEPTION**

    This exclusion does not apply to the extent that coverage for such "personal and advertising injury" is provided by "underlying insurance", but in no event shall any "personal and advertising injury" coverage provided under this policy apply to any claim or "suit" to which "underlying insurance" does not apply. Any coverage restored by this EXCEPTION applies only to the extent that such coverage provided by the "underlying insurance" is maintained having limits as set forth in the Schedule of Underlying Insurance Policies.

16. The Umbrella Liability portion of the Hartford Policies contain the following exclusions, in part:

  **B.    Exclusions**

    This policy does not apply to:

              * * *

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**5.   Underlying Insurance**

Any injury or damage:

**a.**   Covered by "underlying insurance" but for any defense which any underlying insurer may assert because of the "insured's" failure to comply with any condition of its policy; or

**b.**   For which "damages" would have been payable by "underlying insurance" but for the actual or alleged insolvency or financial impairment of an underlying insurer.

* * *

**24.   Violation Of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information**

"Bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**a.**   The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**b.**   The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**c.**   Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information. . . .

17. The Umbrella Liability portion of the Hartford Policies contain the following definitions, in part:

**SECTION VII - DEFINITIONS**

**Except as otherwise provided in this section or amended by endorsement, the words or phrases that appear in quotation marks within this policy shall follow the definitions of the applicable "underlying insurance" policy.**

\* \* \*

I. **"Underlying insurance** means the insurance policies listed in the Extension Schedule of Underlying Insurance Policies, including any renewals or replacements thereof, which provide the underlying coverages and limits stated in the Schedule of Underlying Insurance Policies. The limit of "underlying insurance" includes:

    1. Any deductible amount;

    2. Any participation of any "insured"; and

    3. Any "self-insured retention" above or beneath any such policy;

Less the amount, if any, by which the aggregate limit of such insurance has been reduced by any payment relating to any act, error, omission, injury, damage or offense for which insurance is provided by this policy, including Medical Payments Coverage as described in the "underlying insurance". The coverages and limits of such policies and any such deductible amount, participation or "self-insured retention" shall be deemed to be applicable regardless of:

///

9
**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

      1.    Any defense which any underlying insurer may assert because of the "insureds" failure to comply with any condition of its policy; or

      2.    The actual or alleged insolvency or financial impairment of any underlying insurer or any insured.

The risk of insolvency or financial impairment of any underlying insurer or any "insured is borne by you and not by us.

18. On May 1, 2013, Florencio Pacleb ("Pacleb"), individually and on behalf of all others similarly situated, filed a complaint ("Complaint") in the underlying action, entitled *Florencio Pacleb, et al. v. Integral Resources, Inc.*, U.S. District Court, Central District, Case No. CV 13-3089 (the "*Pacleb Action*").

19. The Complaint alleged the following two causes of action: (1) Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"); and (2) Knowing and/or Willful Violations of the TCPA. ("Complaint").

20. The Complaint alleged that "[b]eginning in or around March of 2013, Defendant contacted Plaintiff on his cellular telephone number ending in 1260 in an attempt to reach and/or communicate with 'Frank Arnold.'"

21. The Complaint alleged that "[t]hroughout March 2013, Defendant placed several calls to Plaintiff's cellular telephone seeking to reach and/or communicate with 'Frank Arnold.'"

22. The Complaint alleged that "Defendant used an 'automatic telephone dialing system', as defined by *47 U.S.C § 227 (a)(1)* to place its calls to Plaintiff."

23. The Complaint alleged "Defendant's calls were placed to [sic] telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*."

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

24. The Complaint alleged that "Plaintiff is not a customer of Defendant, does not know the 'Frank Arnold' Defendant is attempting to communicate with and has never provided any personal information, including his cellular telephone number, to Defendant for any purpose whatsoever. Accordingly, Defendant never received Plaintiff's 'prior express consent' to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227 (b)(1)(A)*."

25. Hartford received notice of the *Pacleb* Action on or about September 4, 2013 from Michael Campbell, the Controller for Integral.

26. By letter dated October 3, 2013, Hartford denied a duty to defend Integral for the Complaint.

27. On October 14, 2014, the plaintiff in the *Pacleb* Action and Integral stipulated to allow plaintiff to file a first amended complaint ("FAC") in the *Pacleb* Action.

28. The Court Order granting plaintiff in the *Pacleb* Action to file a FAC was entered on October 15, 2014.

29. The FAC in the *Pacleb* Action was filed on October 18, 2013.

30. Integral tendered the FAC to Hartford by letter dated October 24, 2013 from James A. Lowe of Gauntlett & Associates.

31. The October 24, 2013 from James A. Lowe of Gauntlett & Associates states in part: "the *Pacleb suit* is potentially covered under Hartford's 'PERSONAL AND ADVERTISING INJURY' offense of 'ORAL, WRITTEN OR ELECTRONIC PUBLICATION OF MATERIAL THAT VIOLATES A PERSON'S RIGHT OF PRIVACY.' [Footnote omitted.]"

32. The October 24, 2013 letter from James A. Lowe of Gauntlett & Associates states in part:

> "Although the original complaint in the *Pacleb suit* did not allege claims neatly labeled as 'violation of a person's right of privacy,' the First Amended Complaint added a claim labeled as "Violation of Privacy Rights" that is based on the same factual allegations as in the original complaint."

33. The FAC alleged "[b]eginning in or around March of 2013, Defendant contacted Plaintiff on his cellular telephone number ending in 1260 in an attempt to reach and/or communicate with 'Frank Arnold.'"

34. The FAC alleged causes of action for (1) Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.; (2) Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.; (3) Violation of Privacy Rights; and (4) Negligence.

35. The FAC alleged "[t]hroughout March 2013, Defendant placed several calls to Plaintiff's cellular telephone seeking to reach and/or communicate with 'Frank Arnold.'"

36. The FAC alleged that "Defendant used an 'automatic telephone dialing system', as defined by *47 U.S.C § 227 (a)(1)* to place its calls to Plaintiff."

37. The FAC alleged that "Defendant placed numerous unwanted calls to Plaintiff's cell phone in an effort, on information and belief, to solicit money from him although Plaintiff had no prior relationship with Defendant and did not invite or authorize the repeated telephone calls."

38. The FAC alleged that "Defendant's repeated unwanted telephone calls disturbed Plaintiff's solitude and seclusion and disrupted his privacy."

39. Under each cause of action listed in the FAC, the FAC asserts: "Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above . . . ."

40. By letter dated December 13, 2013, Hartford disclaimed a duty to defend Integral for the FAC filed in the *Pacleb* Action.

41. On February 19, 2014, the plaintiff and Integral in the *Pacleb* Action stipulated "to dismiss the individual claims with prejudice and the putative claims without prejudice" in the *Pacleb* Action.

42. On February 19, 2014, the court in the *Pacleb* Action ordered dismissal of the individual claims with prejudice and the putative class claims without prejudice.

Based on the foregoing Findings of Facts, the following Conclusions of Law are made:

## **CONCLUSIONS OF LAW**

1. Hartford is entitled to summary judgment as a matter of law on each and every claim in this action because there is no actual or potential coverage under the Hartford Policies for the *Pacleb* Action.

2. Because Integral did not invoke the law of another state, California law applies to the substantive coverage issues.

3. Irrespective of whether California or Massachusetts law applies, coverage is barred under the Hartford Policies for the *Pacleb* Action.

4. The duty to defend is based upon the allegations in the complaint, the terms of the Hartford Policies and extrinsic facts. *Waller v. Truck Ins. Exch.*, 11 Cal. 4th 1, 16, 44 Cal. Rptr. 2d 370 (1995).

5. The *Pacleb* Action did not seek damages because of "bodily injury" or "property damage" caused by an "occurrence."

6. The *Pacleb* Action did not seek damages because of "personal and advertising injury."

7. The Policies' "personal and advertising injury" offense of "[o]ral, written or electronic publication of material that violates a person's right of privacy" only affords coverage for disclosure of private facts under California law. *ACS Sys., Inc. v. St. Paul Fire & Marine Ins. Co.*, 147 Cal. App. 4th 137,

150, 53 Cal. Rptr. 3d 786 (2007).

8. The Policies' "personal and advertising injury" offense of "[o]ral, written or electronic publication of material that violates a person's right of privacy" requires a publication of material to a third party. *JT's Frames, Inc.*, 181 Cal. App. 4th 429, 434, 104 Cal. Rptr. 3d 573 (2010).

9. The TCPA Exclusion which precludes coverage for "'personal and advertising injury' arising directly or indirectly out of any action or omission that violates or is alleged to violate . . . [t]he Telephone Consumer Protection Act (TCPA), including any amendment or addition to such law" ("TCPA Exclusion") is clear and unambiguous. *Big 5 Sporting Goods Corp. v. Zurich American Ins. Co.*, 957 F. Supp. 2d 1135, 1151 (C.D. Cal. 2013).

10. The TCPA Exclusion applies to preclude coverage for common law causes of action which arise directly or indirectly out of the same facts giving rise to the violations of the TCPA. *Big 5*, 957 F. Supp. 2d at 1154, quoting *Swain v. Cal. Cas. Ins. Co.,* 99 Cal. App. 4th 1, 8, 120 Cal. Rptr. 2d 808 (2002).

11. Because there is no coverage under the Hartford Policies for the *Pacleb* Action, Hartford had no duty to defend Integral in the *Pacleb* Action.

12. Because there is no coverage under the Hartford Policies for the *Pacleb* Action, Hartford had no duty to settle the *Pacleb* Action.

13. Because there is no coverage under the Hartford Policies for the *Pacleb* Action, Hartford has no duty to reimburse Integral for settlement payments in the *Pacleb* Action.

14. Because there is no coverage under the Hartford Policies for the *Pacleb* Action, Integral is not entitled to declaratory relief that Hartford had a duty to defend Integral in the *Pacleb* Action.

///

15. Because there is no coverage under the Hartford Policies for the *Pacleb* Action, Integral is not entitled to declaratory relief that Hartford had a duty to settle and reimburse settlement payments in the *Pacleb* Action under the Hartford Policies.

**IT IS SO ORDERED.**

DATED: June 13, 2014

Hon. Manuel L. Real, Judge
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LA #134783 (240-455)